**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**RIXXIE HARRIS,**                                                                                  **PETITIONER**

**v.**                                                     **No. 4:09CV67-A-A**

**STATE OF MISSISSIPPI, ET AL.**                                      **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Rixxie Harris for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has responded to the petition, and Harris has filed a traverse. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be dismissed with prejudice.

**Facts and Procedural Posture**

Harris is in the custody of Dale Caskey, Warden of the East Mississippi Correctional Facility in Meridian, Mississippi, after being convicted of possession of marijuana with intent to distribute in the Circuit Court of Sunflower County, Mississippi. Harris was sentenced as an habitual offender to serve a term of thirty years in the custody of the Mississippi Department of Corrections and to pay a fine of $1,000,000.00 as well as court costs and associated fees. State Court Record, S.C.R., Vol. 1, pg. 34.

Harris appealed his conviction and sentence to the Mississippi Supreme Court, raising the following grounds for relief (as stated by the petitioner through counsel):

    I. Whether the verdict was against the overwhelming weight of the evidence?

    II. Whether the trial court erred in accepting the jury's verdict as it was not written on a separate sheet of paper?

    III. Whether the verdict was against the sufficiency of the evidence?

The Mississippi Court of Appeals affirmed Harris' conviction and sentence. *Harris v. State*, 977 So.2d 1248 (Miss. App. 2008) (Cause No. 2005-KA-02159-COA). The appellate record contains a document entitled "Petition for Writ of Certiorari" filed in Harris' direct appeal, Cause No. 2005-KA-2159, on May 4, 2009. *See* "Briefs and Other Pleadings" filed with the state court record. The record does not, however, contain an order ruling on that pleading. The Mississippi Supreme Court's docket, available on their website, also does not reflect that an order disposing of the Petition for a Writ of Certiorari was filed in the case. The Mississippi Supreme Court file does not reflect that any motion for rehearing was ever filed in Cause No. 2005-KA-2159. As such, certiorari review would not be available, and, therefore Harris' May 4, 2009, motion would be improper. MISS. R. APP. P. 17(b).

Harris then filed an "Application for Leave to Proceed in the Trial Court," raising the following grounds for relief:

> I. Ineffective assistance of trial counsel for failing to have Petitioner's statement suppressed.
>
> II. Ineffective assistance of trial counsel for failing to obtain an expert witness.
>
> III. Ineffective assistance of trial counsel for failing to obtain and present evidence of Petitioner's alleged incompetency.
>
> IV. Ineffective assistance of trial counsel for failing to file a motion pursuant to *Ake v. Oklahoma,* 470 U.S. 68 (1985).
>
> V. Ineffective assistance of trial counsel for failing to a motion pursuant to *Pate v. Robinson*, 383 U.S. 375 (1966).
>
> VI. Ineffective assistance of trial counsel for failing to file a motion for judgment notwithstanding the verdict.
>
> VII. Ineffective assistance of appellate counsel for failing to timely file an appeal brief and failing to raise the claims suggested by Petitioner when the brief was filed.

The Mississippi Supreme Court denied the petitioner's application, and he sought rehearing. The

Mississippi Supreme Court denied the motion. According to the Mississippi Supreme Court docket, Rixxie Harris then filed a petition for a writ of certiorari, but no such pleading can be found in the state court record. Instead, the record contains a "Motion to Amend to Writ of Certiorari." The court will thus note the claims presented in that motion:

> I. Whether there was probable cause or a reasonable suspicion to support a warrantless inventory search.
>
> II. Whether it was appropriate to disregard the *Miranda* warnings based on the circumstances of the initial arrest.
>
> III. Whether the trial court abused its discretion in admitting Petitioner's statement into evidence.
>
> IV. Whether an unsigned waiver of rights form "purged" the "illegal" search of Petitioner's vehicle.
>
> V. Whether the trial court abused its discretion in not granting a continuance to have the handwriting on Petitioner's statement analyzed?

The Mississippi Supreme Court treated the petition for a writ of certiorari as a motion for post-conviction collateral relief and held the motion to be procedurally barred as a successive writ under MISS. CODE ANN. § 99-39-27(9).

Harris then filed another "Petition for Leave to Proceed in the Trial Court," and attached PCR, raising the following grounds for relief:

> I. The indictment was insufficient.
>
> II. The trial court lacked original and subject-matter jurisdiction.
>
> III. Trial counsel was ineffective.
>
> IV. The verdict was against the overwhelming weight of the evidence.
>
> V. The verdict was against the sufficiency of the evidence.

Harris also filed a "Motion for Supplement" arguing that this third PCR should not be barred

as successive. On August 6, 2009, the Mississippi Supreme Court entered an order holding that "the present application is procedurally barred as a successive writ and Harris does not meet any of the exceptions to the bar. MISS. CODE ANN. § 99-39-27(9). Accordingly the application should be dismissed as a successive writ." Further the Mississippi Supreme Court noted that "[b]y previous order of this Court, Harris was warned that future frivolous filings may result in the imposition of appropriate sanctions. The panel finds that the present motion is frivolous and that Harris should be sanctioned." *Id.* Harris filed a motion to lift the sanctions, which was denied.

Undeterred, Harris filed yet another "Application for Leave to Proceed in the Trial Court" and attached a "Motion for Post-Conviction Collateral Relief," filed in Cause No. 2010-M-829. In that motion, Harris raised the following grounds for relief:

> I. The sentence imposed violated the Eighth and Fourteenth Amendments to the U.S. Constitution.
>
> II. The indictment was facially and fatally defective, thus violating the Fifth Amendment.

The Mississippi Supreme Court dismissed this application as a successive writ and sanctioned Harris a second time. Harris filed a "Motion for Reconsideration" on June 30, 2010, which appears to be pending before the Mississippi Supreme Court.

On July 8, 2009, Harris filed a petition for a writ of *habeas corpus* in this Court, raising as grounds for relief the following:

> Ground One: The indictment was insufficient in that it failed to put Petitioner on notice of the charges against him, and judicial misconduct in allowing the conviction based on the indictment.
>
> Ground Two: The trial court lacked both original and subject matter jurisdiction.
>
> Ground Three: Ineffective assistance of trial counsel for:
>
>> A. Failure to file any motions to suppress, dismiss,

> squash, demur or continue.
>
> B. Failure to raise any defense or to object to any errors, omissions or discrepancies in the evidence as well as failing to object to judicial misconduct.

> Ground Four: The verdict was against the overwhelming weight and sufficiency of the evidence.

On July 14, 2010, Harris filed an "Amended Petition" raising the following two (2) grounds for relief:

> Ground Five: Petitioner's sentence violated the Eighth and Fourteenth Amendments.
>
> Ground Six: Petitioner's indictment was facially and fatally defective in violation of the Fifth Amendment.

**Procedural Bar: Grounds 1, 2, Parts of 3(a) and 3(b), 4, 5, and 6**

The petitioner's claims in Grounds 1, 2, 4, 5, 6, as well as parts of 3(b) were raised either in his third or fourth applications for post-conviction relief, both of which were barred under MISS. CODE ANN. § 99-39-27(9) as successive. When a state court holds that a prisoner's federal claim is barred because he failed to fulfill a state procedural requirement, the prisoner's federal *habeas corpus* claim "is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001) (*citing Coleman v. Thompson*, 501 U.S. 722 (1991). This court has previously found MISS. CODE ANN. § 99-39-27(9) to be both independent and adequate. *McManis v. DeSoto County Circuit Court*, No. 2:04CV261-M-B; 2007 WL 869617, at *4 (N.D. Miss. March 20, 2007). For this reason, Grounds 1, 2, Parts of 3(b), 4, 5, and 6 will be dismissed as procedurally barred.

Similarly, the petitioner did not raise part of Ground 3(a) (regarding trial counsel's purported failure to file motions to dismiss, quash, demur, or for a continuance) either on direct appeal or during post-conviction collateral proceedings. He has not presented this claim to the Mississippi Supreme Court, and the time to do so has expired. As such, this claim is likewise barred in a federal *habeas corpus* proceeding, *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995), and must be dismissed with prejudice. *O'Sullivan v. Boerkel*, 526 U.S. 838 (1999).

Thus, Grounds 1, 2, portions of 3(a) and 3(b), 4, 5, and 6 are barred from federal *habeas corpus* review unless Harris can show cause for his default and actual prejudice from applying it. *Coleman*, 501 U.S. at 750. To show cause, Harris must prove that something *external* to him led to the default. *Coleman*, 501 U.S. at 753 (emphasis in original). Examples of good cause are interference by state officials – and proof that the factual or legal basis for such a claim was not reasonably available to the petitioner. *McClesky v. Zant*, 499 U.S. 467 (1991). Harris has presented proof neither of cause for his default or prejudice that might result should the court apply the default.

In addition, the court's decision not to review the petitioner's claims on the merits will not result in a fundamental miscarriage of justice, because he has not shown "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106 (5th Cir. 1995)). All of the petitioner's claims for relief rest on facts and arguments available to him during trial, direct appeal, and state post-conviction collateral relief. As such, Harris cannot support any allegations of actual innocence with new, reliable evidence that was not presented at trial – showing that, by a preponderance of the evidence, no reasonable juror would have convicted him in light of the new evidence." *Fairman*, 188 F.3d at 644 (citations omitted). Harris has not shown that he is actually innocent of the crime of his conviction. As such, his claims found in Grounds 1, 2, portions of 3(a) and 3(b), 4, 5, and 6 will be dismissed

as procedurally barred.

## Grounds Reviewed on the Merits in State Court

The Mississippi Supreme Court has already considered part of Ground 3(a) (trial counsel did not file a motion to suppress) and part of Ground 3(b) (trial counsel did not raise any defense) on the merits and decided those issues against the petitioner; hence, these claims are barred from *habeas corpus* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a

question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to these grounds for relief.

Nevertheless, under § 2254(d)(2) these claims may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

**Ineffective Assistance of Counsel**

To prove that counsel was constitutionally ineffective, a prisoner seeking *habeas corpus* relief must prove that counsel's performance was deficient – and that the deficiency caused actual prejudice to the petitioner's defense. *Strickland v. Washington*, 466 U.S. 668 (1984). Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The court must analyze counsel's actions based upon the

circumstances at the time – and must not use the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). The petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). To prove prejudice, petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997). As discussed below, Rixxie Harris has not met the *Strickland* standard.

### Remaining Part of Ground 3(a): Trial Counsel's Decision Not File a Motion to Suppress

Although Harris did not expound upon his bare allegation that counsel did not file a motion to suppress, the court will liberally construe this claim to mean that counsel did not seek to suppress Rixxie Harris' statement to police – a claim he brought in his first motion for post-conviction collateral relief in state court. In addition, in his traverse, the petitioner argues that counsel should have sought the suppression of the statement of the passenger traveling with him when he was arrested. Neither of these claims has merit.

At trial, Jacob Lott, an officer with the Mississippi Highway Patrol, testified that, after Harris had been arrested and taken to the sheriff's office, Harris wrote out a statement. S.C.R., Vol. 2, pg. 72. Harris' statement was admitted into evidence as Exhibit 4. *Id.* at 74. In this statement, Harris said that Drisdell, Harris' passenger, told Petitioner that he "knew some people who might want to get some marijuana," but that the "[t]he crack was not mine." *Id.* at 75. Lott further testified, that, after writing out the statement, Harris refused to sign it. *Id.* at 76. On

cross-examination, Harris' counsel challenged the fact that Lott did not sign the statement as a witness and questioned Lott about whether the handwriting on the statement and the signed waiver of rights form appeared to differ. *Id*. at 77 and 80. In response, Lott stated that Harris' signature on the waiver of rights form was in cursive while the statement was in "plain writing," and admitted the writing did differ. *Id*. at 80 and 81. Trial counsel also questioned Lott about whether anyone had attempted to have the handwriting analyzed. *Id.* at 81. On redirect, Lott testified that he had personally observed Harris both sign the waiver of rights form and write out the statement. *Id*. at 95.

The statement was relevant under MISS. R. EV. 402. In addition, the statement was not hearsay because it constituted a statement against penal interest under MISS. R. EV. 801(d). Thus, the court can discern no basis for a motion to suppress the statement to police. Counsel attacked both the credibility of Officer Lott and the validity of the statement. These issues are, however, ultimately the province of the jury.

Harris also claims that trial counsel should have sought to suppress the statement of the passenger traveling with him when he was pulled over, searched, and arrested. Harris argues that the statement of his passenger should have been suppressed because the state violated his passenger's Fourth Amendment rights in obtaining the statement. While Harris' passenger could raise this objection during his own criminal trial, Harris lacks standing to assert his passenger's rights. This claim will be dismissed. Harris also alleges violations of various state law requirements regarding the taking and use of witness statements, none of which is an issue of federal law – and he argues that the content of the statements was not incriminating. These claims involve determining the credibility of witnesses and the weighing of evidence – matters of fact that were properly decided by the jury. These claims, too, must fail. Harris has set forth no

rational basis for a motion to suppress. As such, his remaining claim in Ground 3(a) will be dismissed

### Remaining Part of Ground 3(b): Trial Counsel Failed to Put on Any Defense

The petitioner has not supported this claim with any factual allegations, presumably because the allegation lacks factual support. The state introduced the testimony of police officers, the person riding in the car with the petitioner when he was pulled over and searched by the a Mississippi Highway Patrolman, and an expert witness from the Mississippi Crime Laboratory. The state also introduced the statement the petitioner gave to the police after his arrest. Petitioner's counsel vigorously cross-examined the state's witnesses – and put on an admirable defense given the state's ample evidence of the petitioner's guilt. This ground for relief is without factual support in the record and will be dismissed.

### Summary

In sum, all of the grounds for relief in this instant petition will be dismissed. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 3rd day of January 2011.

                                       **/s/ Sharion Aycock**
                                       **U.S. DISTRICT JUDGE**